**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA                *

                                        *    CRIMINAL NO. 1:06-00237 (ESH)

         V.

CORNEILOUS A. FORTUNE                    *

                                        *

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

Comes now the Defendant, Corneilous A. Fortune, by and through his attorney, William Payne, and respectfully submits this memorandum for consideration in the sentencing of the Defendant.

**<u>The Offense</u>**

The defendant pled guilty to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Domestic Assault, on November 6, 2006, in violation of 18 U.S.C. section 922(g)(9).

The defendant, while possessing the weapon that is the subject of this offense, did not use this weapon in any act of violence but merely had the weapon for his personal protection and for the protection of the three women who resided with him in the house on Euclid Street. As the Presentence Report ("PSR") indicates on page 4 number 14, "there are no discernable victims associated with this case" No one lost their life, was injured, or placed in fear or apprehension for their safety as a result of this offense.

## Substantial Assistance

The government has fairly and accurately described the defendant's cooperation and assistance in its Sentencing Memoranda. It should be noted that the Defendant's acknowledgment of wrongdoing and his cooperation with the Metropolitan Police Department on July 12, 2006 was forthright without any difficulty. He made no effort to avoid his responsibility for ownership of the weapon. He cooperated fully with the officers well before he retained counsel to represent his interest in this matter.

The defendant's initial and substantial cooperation, without incident, was not the product of negotiations between his counsel and the government nor was it predicated on a plea agreement. He did not waste the court's time and resources by denying the charge and requiring the court to process the case by way of a trial by judge or jury, and he could have.  Admitting the truth requires integrity and virtue. Because of his forthright candor and continued cooperation, the defendant respectfully requests the court to take this matter into consideration in its sentencing, as his conduct speaks for itself.

## The Person

The Presentence Investigation Report fairly outlines the offense in this case. It does, however, inaccurately indicate that the defendant has one dependant child, when in fact he has three (3) minor children. Two from the union with his first wife and one with his second wife, Tanya. They were recently married and their son is four months old.

The defendant expresses his faith as a Seventh Day Adventist. He was baptized and teaches at the Fortune Family Mission in Arlington, Virginia on Saturdays.

He is currently employed as a Senior Material Inspector for the Eddy Group located in Springfield, Virginia. His employer, Mike Dolan, holds him in high regard and will present themselves in court on his behalf at the sentencing. He is doing very well with his employment, so well as a matter of fact, that his employer indicates that he would rehire the Defendant once he is released from incarceration. See ("PSR") at page 10 number 48.This theme of defendant's constructive potential surfaces repeatedly as he maintains regular employment as a productive member of society. In society's effort to rehabilitate individuals with a criminal history, steady employment and support of one's family are two strong indicators of a positive change in one's life. The defendant has manifested those changes and deserves an opportunity to develop even more into a productive member of society.

This defendant has turned his life around since his earlier involvement with the law and is determined to escape from his past and live a clean and honorable life. The present character and attitudes of the defendant  indicate that he is unlikely to commit another crime.

The defendant grew up on Euclid Street where he and his mother have lived all their lives. She, his mother, describes the place as " a ghetto with street violence and gangs." Betty Fortune, the defendant's mother is a 59 year old District of Columbia employee with the Office of Tax Revenue where she has worked for more than a decade. Mr. Fortune is now a thoughtful person striving to rise above his environment and a man of tremendous faith and desire to correct his past misdeeds and care for his new family.

### The Defendant's Statement of Reasons-Why he Possessed the Weapon

The street violence in the District of Columbia is widely known and a person can easily be drawn into a dangerous situation without any provocation at any time, particularly in the neighbor where the defendant lives, and lived all his life.. He possessed the weapon for two main reasons; to protect himself  and to protect the women in the house where he lived. He lived with his mother, her daughter and her granddaughter. His efforts to be a protector for himself and his family was his predominant thought where violence is a way of life everyday.

The defendant's friends and associates have been shot to death on those streets, according to his mother and those obituaries remain vivid in his mind, as it could have been him on any number of occasions. It is unfortunate, that guns and other weapons are so prevalent in our society. A frightening fact for the defendant trying to protect his family the only way he knew.

### The Sentence

As the government correctly stated, in the wake of *U.S. v Booker, 125 s. Ct. 738 (2005)* the guidelines are not mandatory. The defendant recognizes the need for guidance in sentencing, but more specifically recognizes the court's inherent need for flexibility and discretion for unusual cases with clearly identified and persuasive reasons. Our nation's penal institutions are bulging at the seams with more than 2 million Americans incarcerated. So, somehow, it appears that, the sentencing guidelines have not deterred crime much, if at all. The defendant asserts that his case is such a case that is highly

suitable for a lack of incarceration. He supports this proposition with identifiable and persuasive reasons, to wit:

1. The defendant has had a troubled past, much because of where he was raised;

2. The defendant has seen the error of his ways, has departed from a life of criminal activity, joined the church (Mission) and has dedicated his life to God and family. These are not idle statements.

3. He is married with children and works everyday to support his family, the first and second one.

4. He is such an exemplary employee that his employer has supported him through this entire process and will rehire him, after his release, if he is incarcerated.

5. Society does not benefit from incarcerating the defendant when he can and will continue to work and support his family, who will suffer a tremendous financial and emotional hardship, if he is removed from their lives.

6. He immediately took full responsibility for his conduct with no incidents of resistance.

Certainly the court is to give weight to the guidelines, but in this case the defendant respectfully asks the court to have mercy on his circumstances and his young family. In a few years, depending on what this court does today, the defendant and his family will be better off or they may be crippled from the father's absence for a long time in the future. If there were victims of violence in this case the defendant would not make this claim or request.

## Conclusion

The defendant requests a split sentence, fashioned in such a way that he can continue to work and support his family. Whether a half-way house, work release or a combination of these or other measures, surely the court can see the wisdom of saving this defendant and his family.  Defendant's counsel has just been informed by defendant's employer that he will employ defendant even while he is incarcerated, making a split sentence with an employment component all the more feasible.


Respectfully Submitted,


_____-s-_____
WILLIAM PAYNE, ESQ..
601 Pennsylvania Avenue, N.W.
Suite 900 South Building
Washington, D.C. 2004
202 289 4200
Counsel for Defendant


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2007, I mailed a copy of the foregoing, first class postage pre-paid to, Angela Hart-Edwards, Assistant United States Attorney, Federal Major Crimes Section, 555 4th Street, NW., Suite 4243, Washington, DC  20001


_____-s-_____
WILLIAM PAYNE, Esq.
Counsel for Defendant