## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) **Criminal Action No. 06-0237 (ESH)** |
| | ) |
| CORNEILOUS A. FORTUNE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OPINION

Defendant Corneilous A. Fortune pled guilty to a one-count indictment charging possession of a firearm by a person previously convicted of a domestic violence assault in violation of 18 U.S.C. § 922(g)(9). At sentencing on January 26, 2007, it was determined, and agreed to by both parties, that under the Guidelines the base offense level was 19 and the criminal history calculation was III. As a result, the Guideline range was 37 to 46 months. Following the sentencing hearing, the Court imposed a sentence of time served, followed by a 3-year period of supervised release, including the condition that the defendant must serve 12 months in a halfway house. This Memorandum Opinion explains the reasons for this variance.

Following *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are "effectively advisory." A court must consider Guidelines ranges, but is permitted "to tailor the sentence in light of other statutory concerns as well." *Id.* at 245-46 (citing 18 U.S.C. § 3553(a)). Pursuant to § 3553, a court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," which are:

      (A)     to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational
training, medical care, or other correctional treatment in the most
effective manner.

18 U.S.C. § 3553(a)(2).

With respect to the nature and circumstances of the offense, it is significant that there is no

allegation that the weapon was ever used or taken out of the house. Rather, it was found in

defendant's apartment, and it appears that he misguidedly kept it for protection only. But more

importantly, the history and characteristics of the defendant support a variance. Defendant's

criminal history appears to be somewhat overstated since his only prior convictions involve three

misdemeanors. Thus, while his criminal history may not be overstated within the meaning of

§ 4A1.3(b), his criminal history does not accurately reflect his prior record. Defendant has also

made remarkable rehabilitative efforts since incurring this charge. He has become drug free; he

has been gainfully employed since August 2005 and he has therefore been able to help support his

wife and children; and is an active and respected member of his church.

Finally, and perhaps most importantly, the Court considers a sentence of a year in a

halfway house for the conduct at issue here to afford more than "adequate deterrence" and to

provide "just punishment." Such a sentence will allow the defendant to continue his recent and

serious efforts to become a productive citizen and to support his family, and it adequately reflects

the seriousness of the offense and promotes respect for the law. A longer sentence is simply not

necessary to comply with the purposes to be served under 18 U.S.C. § 3553(a)(2).

Ellen S Huvelle

ELLEN SEGAL HUVELLE
United States District Judge

-3-